**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LOLITA RIDGEWAY and TORRIS RIDGEWAY SR., individuals,

## DEFENDANTS
MIR E. ALI and SHAKERA ALI, individually and doing business as HASTINGS STREET APARTMENTS,

**(b)** County of Residence of First Listed Plaintiff: Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Stuart E. Fagan
P.O. Box 503741
San Diego, California 92150-3741
(858) 220-9601

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | SOCIAL SECURITY | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | 861 HIA (1395ff) | 610 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence | | FEDERAL TAX SUITS | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment / Habeas Corpus: | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [X] 443 Housing/Accommodations / 530 General | 790 Other Labor Litigation | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights / 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 3601

Brief description of cause: Unlawful disrimination in the operation of the Hastings Street Apartments.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Proof
- [X] CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: February 13, 2008
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44

E-filing

1  **LAW OFFICES OF STUART E. FAGAN**
   STUART E. FAGAN, State Bar No. 152732
2  P.O. Box 503741
   San Diego, California 92150-3741
3  Telephone: (858) 220-9601
   Facsimile: (858) 676-5339
4  Email: fairhousinglawyer@sbcglobal.net

5  Attorneys for Plaintiffs

FILED
FEB 1 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ORIGINAL

8           UNITED STATES DISTRICT COURT

9   NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11  LOLITA RIDGEWAY and TORRIS          ) No. C08-01001 EDL
    RIDGEWAY SR., individuals,           )
12                                       ) COMPLAINT FOR MONETARY,
         Plaintiffs,                     ) DECLARATORY, AND INJUNCTIVE
13                                       ) RELIEF; DEMAND FOR TRIAL BY
         v.                              ) JURY
14                                       )
    MIR E. ALI and SHAKERA ALI,          )
15  individually and doing business as   )
    HASTINGS STREET APARTMENTS,          )
16                                       )
                                         )
17       Defendants.                     )
    _____)

*Complaint*

# I.
# INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against defendants for discriminating against families with children in the operation of the Hastings Street Apartments based on familial status and for coercing, intimidating, threatening, retaliating, or interfering with plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws.

# II.
# JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in that the claims alleged herein arose within the City of Fremont, Alameda County, California.

*Complaint*

## III.

## INTRADISTRICT ASSIGNMENT

4. This matter should be assigned to the Oakland Division, for the claims alleged herein arose within the City of Fremont, Alameda County, California. Furthermore, all parties reside in Alameda County, California.

## IV.

## PARTIES

5. Plaintiffs Lolita Ridgeway and Torris Ridgeway Sr., reside in San Leandro, California.

6. Plaintiffs bring this action on behalf of themselves pursuant to the California Unfair Business Practices Act, California Business & Professions Code Sec. 17204.

7. Defendants Mir E. Ali and Shakera Ali were at all relevant times the owners and operators of the Hastings Street Apartments. The Hastings Street Apartments is an apartment complex comprised of approximately 54 units located at 38657 Hastings Street, in the City of Fremont, California (the "Hastings Street Apartments").

8. Defendants Mir E. Ali and Shakera Ali reside in the City of Fremont, Alameda County, California.

9. Defendants Mir E. Ali and Shakera Ali are engaged in the business of renting units at the Hastings Street Apartments to members of the public. Defendants Mir E. Ali and Shakera Ali advertise the Hastings Street Apartments as available for rent by members of the public.

*Complaint*

10. Each defendant is sued herein individually and as doing business as the Hastings Street Apartments.

11. Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this compliant, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## V.

## FACTS

12. Defendants Mir E. Ali and Shakera Ali, acting individually and in concert with others, directly and through agents, engaged in a pattern or practice of discrimination against families with children, including Plaintiffs, on account of familial status in the operation of the Hastings Street Apartments.

13. In or around 1988, Plaintiffs entered into a lease with the then owners of the Hastings Apartments for 38657 Hastings Street, Apt. #1, Fremont, California. During the entire time that Plaintiffs resided at the Hastings Apartments, they received housing assistance from the Alameda County Housing Authority.

14. Since in or around 1997, Plaintiffs regularly entertained, babysat, and at times allowed their grandchildren to live with them for short periods of time at the complex.

15. On or around July 28, 2005, Defendants acquired ownership of the Hastings Street Apartments. Shortly thereafter, Defendant Mir Ali received a water bill for the Hastings Street

*Complaint*

Apartments and grew very upset at the tenants. Thereafter, Defendant Mir Ali came to Plaintiffs' apartment and asked Plaintiffs if their grandchildren took baths at their apartment, for Defendant Mir Ali contended that such action was contributing to the high water bill. Plaintiffs assured Defendant Mir Ali that their grandchildren did not currently reside with them, but lived around the corner and merely visited from time to time to help Plaintiffs with certain chores and to visit.

16. On or about August 15, 2005, Defendant Mir Ali returned to Plaintiffs' apartment and told them that they were having trouble with children running around the complex, so he had changed the House Rules and asked Plaintiffs to sign the new House Rules for the Hastings Street Apartments (the "House Rules"). He left the new House Rules with Plaintiffs and asked them to review, sign, and return them to him. The new House Rules declared, *viz*, "The conduct of small children or any guests is the responsibility of the adult in attendance. No playing or running in the hallway, or in the stairways is permitted, no loud play outdoor that is disturbing to other residents. No roller-blading, skate boarding, bicycle riding are permitted in any common areas such balcony, walkways, parking and driveway areas. This will be strongly enforced for the safety of all tenants. No running or game playing is permitted anywhere on the premises or on the grass." The new House Rules, furthermore, forbid grandparents from babysitting their own grandchildren at the complex. Finally, the new House Rules threatened the issuance of a 30-Day Notice to Terminate Tenancy should the tenants fail to abide by the new House Rules.

17. After reviewing the new House Rules, Plaintiff Lolita Ridgeway told Defendants that they refused to sign the new House Rules, for, among other things, they forbid Plaintiffs from having their grandchildren stay at their apartment. Defendant Mir Ali then demanded that Plaintiffs return the new House Rules to him, but Plaintiffs refused to comply.

18. On and after August 15, 2005, Plaintiffs' grandchildren were told on multiple occasions by Defendants that they could not be outside. On one occasion, Defendant Mir Ali told one

*Complaint*

of Plaintiffs' grandchildren that he could not be outside in the common areas of the complex. The child was simply talking with a friend. What is more, Defendant Mir Ali told the child's friend that he had to "go home," for he could not be at the complex.

19. On and after August 15, 2005, Defendant Mir Ali repeatedly telephoned Plaintiffs to ask if their grandchildren were over visiting them or if there was any trouble at the complex.

20. As time passed, Plaintiffs tired of being harassed by Defendants whenever one of Plaintiffs' grandchildren came to their apartment, as such, they discouraged their grandchildren from coming to visit them. In light of Plaintiff Torris Ridgeway Sr.'s disability, Plaintiffs were deprived of visiting with their grandchildren.

21. Be that as it may, as the months passed, Defendant Mir Ali repeatedly asked Plaintiffs to execute the new House Rules, but they continued to object, for they believed that, in particular, the provision forbidding them from babysitting their grandchildren was unlawful, as such they informed Defendants that they would not execute the new House Rules.

22. About three months after Defendants acquired the Hastings Street Apartments, Defendant Mir Ali began asking if he could show Plaintiffs' apartment to prospective tenants, for it was the cleanest unit. Defendant Mir Ali, however, never showed Plaintiffs' apartment to any prospective tenants, but did enter Plaintiffs' apartment on several occasions to take pictures of their unit without their permission.

23. At or around that time, James Lee, the owner of the apartment complex across the street from the Hastings Street Apartments stated that he was "getting rid of all the niggers on the block." Defendant Mir Ali frequently visited with Mr. Lee at Mr. Lee's complex during this time

frame. Thereafter, Defendant Mir Ali began asking questions about Plaintiffs' grandson, Kevin, her son, Torris Jr., and everyone who came to visit Plaintiffs. Plaintiffs, as well as their son, grandson, and visitors, are African Americans.

24. Thereafter, on or about July 25, 2006, Defendants served a written notice on Plaintiffs informing them that their rent was going to be increased by 18%. In the written notice, Defendants stated, "If you do not agree with the term of this proposal, please sign the attached 'Tennant's (sic) Notice to Vacate' form and mail it back to me no later then (sic) August 25th of 2006." At the time that Defendant Mir Ali personally delivered the written notice to Plaintiffs he told them that they could either sign the new House Rules and accept the new rental rate or move out.

25. Because the Plaintiffs were on public assistance after Plaintiff Torris Ridgeway retired, they could not afford to continue residing at the Hastings Street Apartments with the proposed rental increase. What is more, they refused to sign the new House Rules and be voluntarily subjected to discriminatory treatment. As a result, Plaintiffs vacated the premises after providing proper notice.

## VI.
## INJURIES

26. By reason of defendants' unlawful acts and practices, plaintiffs have suffered loss of important housing opportunities, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, wrongful eviction, and severe emotional distress and physical injury, humiliation and mental anguish, including bodily injury such as stomach aches; head aches; sleep loss and sleeping too much; appetite loss, feelings of depression, discouragement, anger, and nervousness; and reliving the experience; and other special and general damages according to proof. Accordingly, plaintiffs are entitled to compensatory damages.

*Complaint*

27. In doing the acts of which plaintiffs complain, defendants and their agents and employees intentionally or recklessly violated plaintiffs' civil rights. Accordingly, all plaintiffs are entitled to punitive damages.

28. There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws. Accordingly, all plaintiffs are entitled to declaratory relief.

29. Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.

## VII.

## FIRST CLAIM

### (Fair Housing Act)

30. Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 of the complaint herein.

31. Defendants have injured plaintiffs in violation of the federal Fair Housing Act by committing the following discriminatory housing practices:

   A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status, or in the provision of services or facilities in connection therewith, because of familial status in violation of 42 U.S.C. §3604(b);

   B. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. §3604(c);

C. Coercing, intimidating, threatening, retaliating, or interfering with persons in their exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.

## SECOND CLAIM

### (California Fair Employment and Housing Act)

32. Plaintiffs reallege and incorporate by reference paragraphs 1 through 31 of the complaint herein.

33. Defendants have injured plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status in violation of California Government Code §§12955(a) and (d);

B. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination in violation of California Government Code §12955(c);

C. Expressing a preference for or limitation on a renter because of familial status in violation of California Government Code §12955(d);

D. Harassing, evicting, or otherwise discriminating against any person in the rental of housing accommodations where the dominant purpose is retaliation against a person who, among other things, has opposed practices unlawful under the Fair Employment and Housing Act, in violation of California Government Code §12955(f);

E. Aiding, abetting, inciting, compelling, or coercing the doing of any of the acts declared unlawful in the Fair Employment and Housing Act, in violation of California Government

*Complaint*

1  Code §12955(g); and

2        F.    Coercing, threatening, intimidating, or interfering with persons in their enjoyment of, or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by California Government Code §12955 or 12955.1 in violation of California Government Code §12955.7.

## THIRD CLAIM

### (California Unruh Civil Rights Act)

34.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 33 of the complaint herein.

35.    Defendants injured the plaintiffs in violation of the Unruh Civil Rights Act, California Civil Code §51 *et seq.* by discriminating against them and families with children in the operation of the Hastings Street Apartments, a business establishment, because of familial status.

36.    Pursuant to the Unruh Civil Rights Act, plaintiffs are entitled to statutory damages, among other remedies, of up to three times their actual damages as determined by the trier of fact, but no less than $4,000.00 for each violation by each defendants.

## FOURTH CLAIM

### (Unfair Business Practices)

37.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 of the complaint herein.

...
...

38. In acting as herein alleged, defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the Hastings Street Apartments, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17204.

## FIFTH CLAIM

### (Negligence)

39. Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 of the complaint herein.

40. Defendants owed plaintiffs a duty to operate the Hastings Street Apartments in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty. Defendants negligently violated that duty by discriminating against families with children on account of their familial status. Defendants' violation of that duty was the result of negligence, including, but not limited to:

   A. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

   B. Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

   C. Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws; and

   D. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws.

41. As a legal result of defendants' negligent conduct, the plaintiffs have suffered loss of an important housing opportunity, violation of their civil rights, deprivation of the full use and

enjoyment of their tenancy, invasion of the private right of occupancy, wrongful eviction, and bodily injury, including severe humiliation, physical and emotional distress.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for entry of judgment against defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status;

4. Awards up to three times the amount of actual damages for each individual plaintiff against each defendant pursuant to the Unruh Civil Rights Act, but no less than $4,000.00 for each violation by each defendant;

5. Awards pre-judgment interest and post-judgment interest as provided for by law;

6. Awards costs of suit herein incurred, including reasonable attorneys' fees; and

7. Awards all such other and further relief as the court may deem proper.

Dated: February 13, 2008

LAW OFFICES OF
STUART E. FAGAN

By: _____
Stuart E. Fagan
Attorneys for Plaintiffs

*Complaint*

## IX.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated: February 13, 2008

LAW OFFICES OF
STUART E. FAGAN

By: /s/ Stuart E. Fagan
Stuart E. Fagan
Attorneys for Plaintiffs

*Complaint*