**LAW OFFICES OF STUART E. FAGAN**
STUART E. FAGAN, State Bar No. 152732
P.O. Box 503741
San Diego, California 92150-3741
Telephone: (858) 220-9601
Facsimile: (858) 676-5339
Email: fairhousinglawyer@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| LOLITA RIDGEWAY and TORRIS RIDGEWAY SR., individuals, </br></br>  Plaintiffs, </br></br> v. </br></br> MIR E. ALI and SHAKERA ALI, individually and doing business as HASTINGS STREET APARTMENTS, </br></br>  Defendants. | No. 3:08-cv-01001 EDL </br></br> JOINT CASE MANAGEMENT STATEMENT </br> _____ </br></br> Magistrate Judge: Elizabeth D. LaPorte </br> Courtroom: E </br> Trial Date: None </br> Date: June 3, 2008 </br> Time: 10 a.m. |

    Pursuant to Civil Local Rule 19, the parties in the above-entitled action, by and through their respective attorneys of record, submit the following Joint Case Management Statement.

    1.    <u>Jurisdiction and Service</u>: Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States

Constitution. The parties stipulate that venue is proper. All defendants have been served with process in the case.

2. <u>Facts</u>: This action seeks monetary, declaratory, and injunctive relief against defendants for discriminating against families with children in the operation of the Hastings Street Apartments based on familial status and for coercing, intimidating, threatening, retaliating, or interfering with plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws. The principal factual issue in dispute is whether defendants' actions amounted to unlawful discrimination in violation of applicable fair housing laws. Defendants deny that any acts or omissions on their part violated any rights of plaintiffs either under Federal law or State law. Defendants contend that their notice of rent increase served to plaintiffs was non-discriminatory, permitted by the Alameda County Housing Authority and was part of a plan to increase the rents for all units at the subject property. Further, Plaintiffs never enacted proposed house rule changes which Plaintiffs found objectionable.

3. <u>Legal Issues</u>: Whether the House Rules contained statements with respect to rental of a dwelling that indicate a preference, limitation, or discrimination based on familial status in violation of 42 U.S.C. §3604(c). Whether defendants intimidated, threatened, or retaliated against plaintiffs when they refused to sign the new House Rules in violation of 42 U.S.C. §3617. Whether defendants intimidated, threatened, or retaliated against plaintiffs when defendants increased plaintiffs' rent by 18% and demanded that they sign the new House Rules in violation of 42 U.S.C. §3617. Whether defendants intimidated, threatened, or retaliated against plaintiffs on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.

4.  <u>Motions</u>: Plaintiffs anticipate filing a dispositive motion.

5.  <u>Amendment of Pleadings</u>: The parties do not anticipate amending the pleadings. Be that as it may, the parties propose that the date for filing motions to amend the pleadings or to add parties shall be ninety (90) days prior to the discovery cut-off date; accordingly, the last day to file such motions shall be November 18, 2008.

6.  <u>Evidence Preservation</u>: Plaintiffs' and defendants' counsel have in place respective policies and practices of preserving all emails and documents related to the case.

7.  <u>Disclosures</u>: The parties have requested that they be permitted to comply with the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1)(A-D) on or before June 27, 2008.

8.  <u>Discovery</u>: The subjects of discovery will focus on plaintiffs' claims, defendants' affirmative defenses, and damages claimed by plaintiffs. The parties anticipate that the discovery will proceed as follows: first, there will be an exchange of written discovery, followed by depositions of the parties and witnesses identified in response to interrogatories and as part of the initial disclosures. Subsequent to the depositions of the parties and identified witnesses, the parties will seek to depose any experts identified in this case. The parties reserve the right to conduct additional written and deposition discovery. The parties have filed a Proposed Discovery Plan.

9.  <u>Class Actions</u>: The current matter is <u>not</u> a class action.

10.     Related Cases:  The case is not related to any other case pending in this district, including the bankruptcy courts of this district.

11.     Relief: This action seeks monetary, declaratory, and injunctive relief against defendants.  Plaintiffs seek compensatory and punitive damages according to proof; a declaration that defendants have violated the provisions of the applicable federal and state fair housing laws; an order that enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status; an award of up to three times the amount of actual damages for each individual plaintiff against each defendant pursuant to the Unruh Civil Rights Act, but no less than $4,000.00 for each violation by each defendant; pre-judgment interest and post-judgment interest as provided for by law; an award costs of suit herein incurred, including reasonable attorneys' fees; and all such other and further relief as the court may deem proper.

12.     Settlement and ADR:  The parties believe that settlement is possible and have stipulated to participation in ADR in hopes of effectuating a settlement.  To that end, the parties and their respective attorneys have executed and filed ADR Certificates with the Court.  The parties believe that limited written discovery and, potentially, the depositions of the parties will be necessary to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: The parties consent to have the magistrate judge conduct all further proceedings, including trial and entry of judgment.

14. <u>Other References</u>: The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The issue of whether certain statements made by defendants were unlawfully discriminatory may be narrowed by motion.

16. <u>Expedited Schedule</u>: The case is not the type of case that can be handled on an expedited basis.

17. <u>Scheduling</u>: In accordance with the Proposed Discovery Plan filed by the parties, the parties propose the following dates:

Discovery Cut-Off Date: April 22, 2009

First Exchange of Experts: January 20, 2009

Second Exchange of Experts: February 20, 2009

Expert Discovery Cut-Off Date: March 16, 2009

Dispositive Motion Cut-Off Date (Filed By): April 30, 2009

Pretrial Conference: June 30, 2009

Trial: August 3, 2009

18. <u>Trial</u>: The parties preliminarily estimate the length of trial to be five days. Plaintiffs have requested a trial by jury.

1 | Dated: May 19, 2008

LAW OFFICES OF
STUART E. FAGAN

By: /s/ Stuart E. Fagan
Stuart E. Fagan
Attorneys for Plaintiffs

6 | Dated: 5-27-08

BECKMAN, MARQUEZ &
DOWLING, LLP

By: /s/ Richard L. Beckman
Richard L. Beckman
Attorneys for Defendants